UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTRAL TELEPHONE COMPANY d/b/a CENTURYLINK NEVADA,<br><br>             Plaintiff,<br>  vs.<br><br>K&N GENERAL CONSTRUCTION, INC., *et al.*,<br><br>             Defendants. | Case No.: 2:22-cv-00723-GMN-BNW<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is the Motion to Dismiss, (ECF No. 16), filed by Defendants Richard Ousley, Liermann Ousley, Apache Electric of Nevada, RLO Equipment, Inc., and Arrow Underground. Plaintiff Central Telephone Company filed a Response, (ECF No. 18), to which Defendants filed a Reply, (ECF No. 19). The Court **GRANTS** Defendant's Motion to Dismiss without prejudice.

**I.    BACKGROUND**

This case arises out of an incident in which Plaintiff's underground fiber-optic cable was allegedly severed when Defendants were excavating at a Las Vegas property. (*See generally* First Amended Complaint ("FAC"), ECF No. 12). Plaintiff brings this action against multiple related Defendants. (*Id.* ¶¶ 2–5). The first Defendant, K&N General Construction, did not participate in the filing of this Motion to Dismiss. (*See generally* Mot. Dismiss, ECF No. 16). The next Defendants include Richard and Liermann Ousley, Nevada residents, and their three business entities: Apache Electric of Nevada, LLC, RLO Equipment, Inc., and Arrow Underground. (First Am. Compl. ¶¶ 3–5). Plaintiff alleges that the Ousleys were members of Apache Electric of Nevada, LLC, which was dissolved before the events of this action; the Ousleys, however, continued to conduct business as Apache Electric after the entity was

dissolved. (*Id.* ¶ 3). Plaintiff also brings this suit against RLO Equipment, Inc., a corporation through which the Ousleys conducted business, and Arrow Underground, the successor entity to Apache Electric and RLO Equipment. (*Id.* ¶¶ 4–5). Plaintiff's claims include trespass and negligence against all Defendants. (*See generally id.*). Defendants move to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted.[1] (*See generally* Mot. Dismiss).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, a "plaintiff need make only a prima facie showing of jurisdictional facts to withstand [a] motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In determining whether personal jurisdiction exists, courts take the uncontroverted allegations in a complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* NRS § 14.065; *Galatz v. Eighth Jud. Dist. Ct.*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting

---

[1] The Court's use of "Defendants" in this Order refers to the Defendants moving to dismiss Plaintiff's FAC: Richard and Liermann Ousley, Apache Electric of Nevada, LLC, RLO Equipment, Inc., and Arrow Underground.

*Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts may give rise to either general jurisdiction or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Specific jurisdiction exists where claims "arise[] out of" or "relate[] to" the contacts with the forum, even if those contacts are "isolated and sporadic." *Id.*

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III. DISCUSSION

Defendants move to dismiss the FAC on two grounds. First, the Ousleys, Apache Electric, and Arrow Underground, move to dismiss the complaint based on lack of personal jurisdiction, arguing that they are not the actual parties involved in this construction dispute. (Mot. Dismiss 1:21–2:3). Second, RLO Equipment moves to dismiss the entire complaint for

failure to state a claim upon which relief can be granted. (*Id.* 7:11–13:4). The Court addresses each argument in turn.

### A. Lack of Personal Jurisdiction

Defendants do not refute that the Ousleys are residents of Nevada, Apache Electric is a Nevada LLC, and Arrow Underground is a corporation with its principal place of business in Nevada. (*See* First Am. Compl. ¶¶ 3–5). Rather, their personal jurisdiction argument revolves around the contention that they were not the parties involved in the construction incident, and thus they should be dismissed from the suit. (Mot. Dismiss 4:22–7:10). But because the Court must accept as true all factual allegations in the FAC, this argument is misplaced. Plaintiff sufficiently alleged that the Ousleys are Nevada residents involved with Nevada business entities, and Plaintiff should have the opportunity to conduct discovery around these claims. *See Kristensen v. Credit Payment Servs. Inc.*, No. 2:12-CV-00528-KJD-PAL, 2013 WL 686492, at *2 (D. Nev. Feb. 22, 2013) (stating that a motion to dismiss is the "wrong vehicle" in which to bring claims that the plaintiff has named the wrong defendant).

Next, Defendants argue that the Court does not have personal jurisdiction over Liermann Ousley. Specifically, Defendants assert that Liermann Ousley signed the RLO Equipment, Inc. subcontract as President of Apache Electric LLC, or in his capacity as President of RLO Equipment, Inc., and is therefore protected unless acting as the alter ego of the corporation. (Mot. Dismiss 1:26–2:3; 4:24–6:23). Defendants bring this argument at an improper stage in the litigation because is not related to whether the Court has personal jurisdiction over a resident of Nevada. And even if the argument was properly presented, Nevada law establishes that an "officer of a corporation may be individually liable for any tort which he commits, and, if the tort is committed within the scope of employment, the corporation may be vicariously or secondarily liable under the doctrine of respondeat superior." *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 689 (Nev. 1995). Additionally, the cases Defendants cite do not share

similar facts to this case and do not support their theory that an alter ego argument implicates personal jurisdiction.[2] Defendants' argument is further complicated by Plaintiff's allegation that, at the time of the incident, both RLO Equipment, Inc. and Apache Electric had ceased to exist. (Resp. 12:19 n.4); (First Am. Compl. ¶¶ 3–4).

**B. Failure to State a Claim**

Defendants argue that Plaintiff failed to state a claim for either trespass or negligence and further assert that the FAC is too vague. (Mot. Dismiss 10:12–16). Specifically, Defendants point to Plaintiff's language accusing "the defendants, or one of them," and argue this language groups all Defendants together, rather than alleging which Defendant took which action. (*Id.*). Plaintiff does not directly address this argument in its Response, but rather explains that the Ousleys were conducting business in the name of RLO Equipment and Apache Electric even though the entities no longer existed. (Resp. 12:19 n.4). Plaintiff points out that according to Defendants' Motion to Dismiss, the work contract was done in the name of dissolved entity RLO Equipment. (*Id.*).

A complaint that fails to allege how each defendant was involved in the alleged conduct may violate Rule 8. *See McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). The purpose of Rule 8 is "to give the defendant fair notice of the factual basis of the claim[s]" asserted against it. *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841–42 (9th Cir. 2007). So, the notice requirement of Rule 8(a)(2) is not met if a complaint "lump[s] together" defendants in one broad allegation. *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal.

---

[2] *In Paul Steelman, Ltd. v. Omni Realty Partners*, the Nevada Supreme Court, evaluating the judgment resulting from the underlying bench trial, found that whether a corporation was intentionally undercapitalized was only one factor in the decision to pierce the corporate veil. 885 P.2d 549, 550 (Nev. 1994). The Nevada Supreme Court in *Boucher v. Shaw* held that individual managers are not employers for the purposes of Nevada Revised Statute 608, which is not at issue in this case. *See* 196 P.3d 959, 960 (Nev. 2008). The third case Defendants cite, *Hernandez v. Hillsborough Enterprises, Inc.*, involves the same Nevada statute and the Fair Labor Standards Act. *See* No. 2:12-CV-00575-GMN, 2013 WL 5427996, at *6 (D. Nev. Sept. 26, 2013). The discussions in these cases do not relate to personal jurisdiction or tort liability for corporate officers.

1988). Nonetheless, allegations do not automatically fail under Rule 8 if defendants are grouped together as long as the plaintiff identifies "what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." *In re iPhone Application Litig.*, No. 11–MD–02250–LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011).

Even taking the factual allegations in the FAC as true, the FAC almost exclusively contains generalized allegations against all Defendants as a whole. It is not inherently improper for Plaintiff to bring claims for trespass and negligence against all Defendants, but Plaintiff must still allege sufficient facts to allow the Court to reasonably conclude that each Defendant is liable for these claims. Here, however, Plaintiff alleges that the Ousleys conducted business as the dissolved entities Apache Electric and RLO Equipment but does not clearly link that allegation to its subsequent claims for trespass and negligence against those parties. (*See* First Am. Compl. ¶¶ 3–4). Similarly, Plaintiff mentions that Arrow is the successor entity to Apache Electric and RLO Equipment, but again does not allege facts demonstrating Arrow's involvement in the damage to its cables. (*See id.* ¶ 5). The Court requires facts demonstrating how these entities acted unlawfully.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because this is the Court's first

dismissal, and Plaintiff may be able to plead additional facts to support its claims, the Court GRANTS Plaintiff leave to file an amended complaint within 14 days of the date of this Order.

### V.      CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 17), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have 14 days from the date of this Order to file an amended complaint. Failure to file an amended complaint by the required date will result in the Court dismissing Plaintiff's claims with prejudice.

**DATED** this __29__ day of December, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT