UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CENTRAL TELEPHONE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RLO EQUIPMENT INC.,<br><br>Defendant. | Case No. 2:22-cv-00723-GMN-BNW<br><br>**ORDER** |

Before the Court is Defendant's Motion to Withdraw Admissions. ECF No. 43. Plaintiff opposed, ECF No. 45, but Defendant did not reply. Though Defendant satisfies Rule 36(b)'s two-prong test because withdrawal would promote the presentation of the merits and Plaintiff would not suffer prejudice, Defendant's failure to show good cause for its delay or demonstrate the strength of its case on the merits weigh against allowing withdrawal. Because permitting withdrawal of admissions is permissive, and not mandatory, the Court exercises its discretion and denies Defendant's Motion.

**I.    BACKGROUND**

This negligence- and trespass-based action arises from an incident in which Plaintiff's underground fiber-optic cable was allegedly severed during Defendant's excavation at a Las Vegas property. *See generally* ECF No. 36. During discovery, Plaintiff served Defendant with its First Set of Requests for Admission on October 13, 2023, making the response deadline November 15, 2023. ECF No. 43-2. Defendant failed to respond by the deadline or otherwise obtain an extension. *See* ECF No. 43 at 5. Yet, over a month after the RFAs had been deemed admitted, Defendant served Plaintiff with its responses on December 28, 2023. ECF No. 43-3.

Defendant's then-counsel withdrew four months later in April 2024, and present counsel substituted in simultaneously. ECF Nos. 32, 33. Weeks after, Plaintiff filed its Third Amended Complaint, wherein it asserted that Defendant admitted to damaging Plaintiff's cable with mechanized equipment despite knowing of the cable's presence prior to starting the excavation. ECF No. 36 at 4–5. That summer, when Defendant requested—via interrogatories—for Plaintiff to state its basis for the TAC's allegation that Defendant admitted to damaging the cable, Plaintiff responded that Defendants failed to timely respond to its RFAs. ECF No. 45-2 at 4.

Discovery closed on January 9, 2025. ECF No. 38. Plaintiff filed its Motion for Summary Judgment a month later, asking the Court to find Defendant negligent in light of its admissions. ECF No. 40. Defendant opposed and filed this underlying Motion the same day. ECF Nos. 43, 44. Now, 15 months after its responses were due, Defendant seeks to withdraw its admissions. ECF No. 43.

## II. ANALYSIS

Federal Rule of Civil Procedure 36 provides that matters addressed in requests for admission are admitted and "conclusively established" unless the responding party serves an answer or objection within 30 days or "the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(a)(3), (b). A party may be permitted to withdraw its admissions if (1) withdrawal "would promote the presentation of the merits of the action" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal. . . will prejudice that party in maintaining or defending the action on the merits." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). The district court must consider these two prongs—presentation of the merits and prejudice—and should do so in view of the two goals that the rule serves: truth-seeking and efficiency. *Id.*

The merits prong is satisfied if "upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). The party seeking withdrawal of its admissions bears the burden of satisfying the first prong of the test. *See, e.g., McCurry v. Bank of Am., N.A.*, 2017 WL 2259979, at *6 (D. Nev. May 23, 2017). While not necessarily case-dispositive, district courts have found a sufficient

1    showing is made when admissions go to core issues that would in large part resolve the case. *See*
2    *Del Mar Land Partners, LLC v. Stanley Consultants, Inc.*, 2012 WL 5392230, at *2 (D. Ariz.
3    Nov. 5, 2012).

4        A party opposing withdrawal may show prejudice by demonstrating "the unavailability of
5    key witnesses" or "the sudden need to obtain evidence with respect to questions previously
6    admitted." *Conlon*, 474 F.3d at 621. The fact that "the party who obtained the admission will now
7    have to convince the factfinder of its truth" does not suffice. *Id.* (cleaned up). Reliance on
8    admissions in preparing for summary judgment also does not constitute prejudice. *Id.* at 624.
9    Rather, the focus is on the prejudice that the "party would suffer at trial[,]" and prejudice is more
10   likely when the motion to withdraw comes during trial or when a trial is imminent. *Hadley*, 45
11   F.3d at 1348.

12       Even if both prongs are satisfied, whether to permit withdrawal is "permissive, not
13   mandatory" and rests within a district court's discretion. *Conlon*, 474 F.3d at 621. In exercising
14   that discretion, the court "may consider other factors, including whether the moving party can
15   show good cause for the delay and whether the moving party appears to have a strong case on the
16   merits." *Id.*

17       **A. Presentation of the Merits**

18       As to the first prong, Defendant asserts that upholding the admissions would eliminate any
19   presentation of the merits because the admissions establish nearly all the elements of negligence
20   and thus are tantamount to a finding of liability. ECF No. 43 at 6. Defendant also contends that
21   such admissions would deprive it of the defense it has asserted from the outset of the case: that an
22   unidentified third-party damaged Plaintiff's cable, *not* Defendant. *Id.*

23       Plaintiff argues that presentation of the merits would not be subserved because the
24   admissions are supported by the evidence, and Defendant failed to offer evidence to the contrary.
25   ECF No. 45 at 6–7. Thus, Plaintiff reasons, withdrawal of the admissions would not aid in
26   reaching the "truth." *Id.*

27       But Plaintiff's argument attempts to incorporate an analysis regarding the strength of
28   Defendant's case into the first-prong inquiry when it is more properly analyzed as a discretionary

factor. *See Conlon*, 474 F.3d at 625; *Renal Treatment Centers W. Inc. v. Allegiant Healthcare W. LLC*, 2021 WL 4247929, at *2 (D. Ariz. Sept. 17, 2021). Instead, the relevant question is whether the admissions resolve an ultimate issue that precludes the need for any future determination on the merits. *Hadley*, 45 F.3d at 1348. And here, the admissions do just that.

To prevail on a negligence claim, a plaintiff must establish: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages. *Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009). By failing to timely object or respond to the RFAs, Defendant admitted the following:

1. On or about May 6, 2019, Defendant damaged the Cable while excavating with mechanized equipment in the Cut Area.

2. Defendant knew there were underground utilities buried in the Cut Area prior to commencing its work in the Cut Area on or about May 6, 2019.

3. Defendant knew the Cable was buried in the Cut Area prior to commencing its work in the Cut Area on or about May 6, 2019.

4. The point at which Defendant damaged the cable while excavating with mechanized equipment on or about May 6, 2019 was within the Cut Area.

5. Neither Defendant nor anyone on Defendant's behalf identified the exact location of the Cable prior to commencing its work in the Cut Area on or about May 6, 2019.

6. Neither Defendant or anyone on Defendant's behalf exposed the Cable by means that are safe and accepted within the industry prior to excavating in the Cut Area on or about May 6, 2019.

7. Defendant was aware on or about May 6, 2019 that it had damaged the Cable while excavating with mechanized equipment in the Cut Area.

8. Plaintiff properly marked the location of its facilities in response to Defendant's USA North 811 locate request prior to May 6, 2019.

9. Defendant owed a legal duty to Plaintiff to exercise ordinary care while excavating with mechanized equipment in the Cut Area on or about May 6, 2019.

10. Defendant did not plan its excavation in the Cut Area on or about May 6, 2019 to avoid damage to, or interference with, the Cable in the Cut Area.

ECF No. 43-2 at 4–5. Such admissions establish every element aside from damages and are equivalent to a finding of liability. They also foreclose the bulk of Defendant's defenses, including comparative negligence, intervening/superseding causes, and third-party liability. *See* ECF No. 39. Because the admissions in large part resolve the case and would render any presentation of the merits unnecessary, Defendant satisfies the first prong.

### B. Prejudice to Plaintiff

Since Defendant met its burden with respect to the presentation on the merits, the Court turns to whether Plaintiff establishes prejudice. Plaintiff asserts that it would be prejudiced by allowing withdrawal because Defendant led Plaintiff to believe that it had no intention of moving to withdraw the admissions for over a year. ECF No. 45 at 7–8. Based on this belief, Plaintiff did not retain expert witnesses—who would have opined on reasonable and accepted safe excavation practices, the manner and cause of damage to the cable, and the implausibility that a third-party caused the damage—or depose Defendant's corporate representative and fact witnesses. *Id.* at 8. Because discovery has closed, Plaintiff contends, withdrawal at this stage would render it difficult, if not impossible, to prove its case at trial. *Id.*

Defendant, meanwhile, maintains that Plaintiff would not be prejudiced because withdrawal would be consistent with its denials since the beginning of the case. ECF No. 43 at 7. Defendant also argues that Plaintiff had an opportunity to pursue discovery related to the admissions because Defendant responded to the RFAs well before discovery closed. *Id.*

While it is true that discovery in this case has closed, a lack of discovery, by itself, is insufficient to establish prejudice. *Conlon*, 474 F.3d at 624 ("[W]e are reluctant to conclude that a lack of discovery, without more, constitutes prejudice."). The prejudice contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case" *at trial*, such as the unavailability of key witnesses. *Id.* at 622–23. And although Plaintiff relied on the deemed admissions in choosing not to engage in further discovery, Plaintiff does not suggest that it could not obtain the evidence necessary to prove the admissions if the Court opted to reopen discovery. Delay is certainly a factor the Court may consider—and it does below—but it does not factor into

the second-prong analysis, particularly where a trial date has yet to be set. Thus, Plaintiff fails to establish that it would suffer prejudice from withdrawal of the admissions.

### C. Discretionary Factors

Even though the two-prong test is satisfied, the Court may still consider and deny Defendant's Motion based on discretionary factors, including whether Defendant shows good cause for the delay and whether Defendant appears to have a strong case on the merits. *Conlon*, 474 F.3d at 625.

#### 1. Good Cause for Delay

Defendant fails to show good cause because it provides no explanation for its failure to timely respond—aside from simply submitting that prior counsel failed to do so—or for its 15-month delay in filing this Motion. Plaintiff put Defendant on notice that it was relying on its admissions in April 2024 when it filed its Third Amended Complaint. *See* ECF No. 36. Plaintiff *again* put Defendant on notice in August 2024 by stating, in response to Defendant's interrogatory, that Defendant's failure to timely respond to the RFAs served as the basis for the admissions outlined in the TAC. ECF No. 45-2. Yet despite learning this, *at the latest* seven months prior to moving to withdraw, Defendant only sought such relief after Plaintiff moved for summary judgment based on the admissions. *See* ECF Nos. 40, 43, 44. Because Defendant offers no reason for its failure to meet the RFA deadline or for its lack of diligence in filing this Motion, this factor weighs against allowing withdrawal.

#### 2. Strength of the Case

Lastly, Defendant asserts that its case on the merits is strong because the issue of negligence (and Defendant's alleged liability) is inherently factual. ECF No. 43 at 7. However, Plaintiff refutes such contention in its Opposition by citing to evidence that purportedly shows that Defendant damaged the cable during excavation and later concealed said damage. ECF No. 45 at 12–16. Defendant provided no further explanation as to how its case is strong despite being on notice of Plaintiff's assertions to the contrary and having an opportunity to further develop this argument by filing a reply. And the notion that the claim is a fact-intensive issue, without more, does not demonstrate the strength of Defendant's case as a majority of negligence

claims are "inherently factual." Because Defendant made no showing to bolster its assertion that it has a strong case on the merits, this factor does not support withdrawal of the admissions.

\*   \*   \*

Although Defendant meets the two-prong test for withdrawal, the discretionary factors weigh against granting its Motion. "Trial courts [have been] advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). Because Defendant fails to show good cause for its delay and fails to demonstrate that its case is strong on the merits, the Court exercises such caution here and denies Defendant's Motion.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Withdraw Admissions is **DENIED**.

**IT IS FURTHER ORDERED** that the parties must meet and confer to determine three mutually agreeable dates for the continued settlement conference and provide such dates to the Court within 14 days from the date of this Order.

DATED this 2nd day of April 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE